IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL JOSEPH DILLENDER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:13-cv-00040 |
| ) | Judge Sharp/ Bryant |
| CARPENTERS' PENSION TRUST FUND ) | |
| OF ST. LOUIS, TERRY M. NELSON, ) | |
| RONALD W. LAUDEL, and ) | |
| DEANNE TITLE, ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Kevin H. Sharp

**REPORT AND RECOMMENDATION**

I. INTRODUCTION

Currently pending in this civil action is plaintiff Christopher Ryan Dalton's Motion to Quash Removal and Remand. (Docket Entry No. 10.) This motion is supported by a memorandum of law. (Docket Entry No. 18.) Defendant opposes the Motion to Quash Removal and Remand, and has included a Memorandum of Law in Opposition. (Docket Entry No. 16.) For the reasons set forth below, the undersigned recommends that plaintiff Michael Joseph Dillender's Motion to Quash Removal and Remand be **DENIED**.

II. BACKGROUND

Plaintiff filed his complaint in the Thirteenth Judicial Circuit Court in and for Cumberland County, Tennessee on April 3, 2013. (Docket Entry No. 1, Attachment 1.) The initial lawsuit was filed *pro se* by plaintiff Dillender to recover funds withheld and paid to the IRS out of the Carpenters' Pension Trust Fund. Plaintiff claimed that defendant Carpenters' Pension Trust Fund of St. Louis breached their fiduciary duty by engaging in the tortious act of unlawful conversion. He brought this civil action under

1

the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132. (Docket Entry No. 1, Complaint at 2.) Plaintiff also made a demand for the return of his property. (Id. at 7.)

On February 20, 2012 the Internal Revenue Service issued a Notice of Levy on Wages, Salary, and Other Income to the Carpenters' Pension Trust Fund to collect civil penalties from plaintiff in the amount of $8,223.59. (Docket Entry No. 16 at 1.) The Fund withheld from plaintiff and paid to the Internal Revenue Service $2,813.74 per month for the months of April through October 2012. (Id. at 2.) The Internal Revenue Service then issued a Release of Levy to the Carpenters' Trust Fund, following which the Fund began paying plaintiff his full monthly pension of $3,626.24. (Id.)

Plaintiff's state court complaint explicitly invokes ERISA as the jurisdictional basis for his claims. Defendant summarized plaintiff's causes of action to include: (1) a claim for breach of fiduciary duty by Carpenters' Pension Trust Fund of St. Louis; (2) a claim under ERISA, allowing a beneficiary to recover benefits due to him under the terms of his plan; and (3) a claim under Tennessee tort law to recover benefits owed to him. (See Docket Entry No. 16 at 2.) Based on the ERISA claims, defendant removed the case to the U.S. District Court for the Middle District of Tennessee.

Plaintiff now moves to quash the removal of the case to the U.S. District Court and to remand it to the Thirteenth Judicial Circuit Court in and for Cumberland County, Tennessee. This motion is based primarily on the argument that plaintiff, who is domiciled at 213 Pomeroy Drive, Crossville, Tennessee 38558, is not subject to the jurisdiction of the U.S. District Court for the Middle District of Tennessee. He asserts that the U.S. District Court lacks personal jurisdiction over him pursuant to Federal Rule of Civil Procedure 12(b)(2).

### III. CONCLUSIONS OF LAW

  a. Personal Jurisdiction

A state court action removed to federal court is treated as if it had initially been brought in federal court. See Schnabel v. Lui, 302 F.3d 1023, 1037 (9th Cir. 2002); Buckley v. Bayrock Mortg. Corp., 2010 WL 476673, at *4 (N.D. Ga. Feb. 5, 2010). "Thus, when examining the court's exercise of personal

jurisdiction and assuming removal is proper, the removed plaintiffs should be treated no differently from plaintiffs who file in federal court originally." Id.

Here, plaintiff Dillender filed suit in state court. Because this action, as shown below, was correctly removed to the federal court, plaintiff's suit is treated as if it had initially been filed in said federal court. A plaintiff who files a lawsuit in federal court is clearly subject to the court's exercise of personal jurisdiction over him. Thus, the federal court to which this case was removed, the U.S. District Court for the Middle District of Tennessee, is clearly able to exercise personal jurisdiction over plaintiff Dillender.

Removal to the U.S. District Court is more appropriately challenged by asserting a lack of subject matter jurisdiction over the claims brought by the plaintiff.

    b. <u>Subject-Matter Jurisdiction</u>

        i. Breach of Fiduciary Duty Claim

Paragraph (a)(2) of 29 U.S.C. § 1132 allows a participant or beneficiary to bring a civil action for relief under 29 U.S.C. § 1109, which establishes liability for breach of fiduciary duty. "Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 102(f)(1) of this title." 29 U.S.C. § 1132(e) (2009).

This claim, because it is brought under 29 U.S.C. § 1132(a)(2), falls within the exclusive jurisdiction of the district courts of the United States. Thus, removal to the U.S. District Court for the Middle District of Tennessee, from a state court lacking jurisdiction, was a mandatory action.

        ii. Claim by a Beneficiary to Recover Benefits

Paragraph (a)(1)(B) of 29 U.S.C. § 1132 allows a participant or beneficiary to bring a civil action to "recover benefits due to him under his plan . . . ." "State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section." 29 U.S.C. § 1132(e) (2009). This claim, because it is brought under

3

paragraph (a)(1)(B), may be heard in either the proper state court or federal district court. Under 28 U.S.C. § 1441(a), any civil action brought in state court of which the federal district courts have original jurisdiction may be removed by the defendant to the appropriate federal district court. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). "[W]hen federal law creates a private right of action and furnishes the substantive rules of decision, the claim arises under federal law, and district courts possess federal-question jurisdiction under [28 U.S.C.] § 1331." Mims v. Arrow Financial Services, LLC., 132 S.Ct. 740, 748-49 (2012).

This claim arises under federal law, 29 U.S.C. § 1132(a)(1)(B), establishing that the district courts of the United States have original jurisdiction over said claim. Thus, because the district courts of the United States have original jurisdiction, the defendants may, and did, properly remove this claim to the U.S. District Court for the Middle District of Tennessee.

### iii. State Tort Claims to Recover Benefits

State law causes of action to recover benefits due to a beneficiary under his plan are preempted by ERISA, under 29 U.S.C. § 1144, "insofar as they may now or hereinafter relate to any employee benefit plan . . . ." However, if a State law "regulates insurance" the state law is not preempted. 29 U.S.C. § 1144(b)(2)(A). "A common-sense view of the word 'regulates' would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be specifically directed toward that industry." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 50 (1987).

Plaintiff's state cause of action against defendant Carpenters' Pension Fund, for the unlawful conversion of his private property to public property without his consent, clearly relates to a benefit plan and the benefits due to him under said plan. It is clear that a state cause of action for unlawful conversion is not a state law that is specifically directed toward the insurance industry; therefore, this cause of action is preempted by ERISA. Additionally, because it is preempted by ERISA, the cause of action brought to recover benefits arises under 29 U.S.C. § 1132, a federal law, and is thus within this court's original

4

jurisdiction. Thus, this claim is removable to the U.S. District Court for the Middle District of Tennessee under 28 U.S.C. § 1441.

## IV. RECOMMENDATION

In light of the foregoing, the undersigned recommends that plaintiff Michael Joseph Dillender's Motion to Quash Removal and Remand be **DENIED.**

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Millon, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

**ENTERED** this 21st day of October, 2013.

                                                  s/ John S. Bryant
                                                  JOHN S. BRYANT
                                                  UNITED STATES MAGISTRATE JUDGE