```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                    COOKEVILLE DIVISION
```

MICHAEL JOSEPH DILLENDER,       )
                                )
        Plaintiff               )
                                )       No. 2:13-0040
v.                              )       Judge Sharp/Bryant
                                )       **Jury Demand**
CARPENTERS' PENSION TRUST FUND  )
OF ST. LOUIS, TERRY M. NELSON,  )
RONALD W. LAUDEL, and           )
DEANNE TITLE,                   )
                                )
        Defendants              )

**TO:   THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

Defendants have filed their motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 7). Plaintiff Dillender has responded in opposition (Docket Entry No. 17).

For the reasons stated below, the undersigned Magistrate Judge recommends that the Defendants' motion to dismiss be GRANTED and the complaint DISMISSED with prejudice.

## STATEMENT OF THE CASE

Plaintiff Michael Joseph Dillender, who is proceeding *pro se*, filed his complaint in the Circuit Court of Cumberland County, Tennessee, alleging that Defendant Carpenters' Pension Trust Fund of St. Louis ("the Fund") and three individual officers or agents of the Fund unlawfully paid certain pension funds belonging to Plaintiff to the IRS pursuant to a notice of levy. Plaintiff asserts his claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1000, *et seq.*, as well as state law claims

for breach of fiduciary duty and wrongful conversion. Plaintiff seeks compensatory damages in the amount of money allegedly converted and punitive damages.

Defendants have removed this action to this Court based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendants have now filed their motion to dismiss for failure to state a claim.

**STANDARD OF REVIEW**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. *Id*. Although Federal Rules of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### SUMMARY OF PERTINENT FACTS

Plaintiff Dillender alleges in his complaint that he is a retired carpenter and has been a member of the Carpenters' Union of St. Louis for approximately 35 years. Plaintiff retired in November 2003. By virtue of Dillender's years of employment and payments made to the Fund, Dillender is entitled to receive a monthly payment from the Fund in the amount of $3,626.24 as a retirement benefit for life.

On or about February 21, 2012, the Fund received a Notice of Levy on Wages, Salary, and Other Income from the Internal Revenue Service regarding Dillender as taxpayer (Docket Entry 1-1 at 37). Pursuant to this levy, the Fund withheld from Dillender's

3

retirement payments and paid over to the Internal Revenue Service the total sum of $19,696.18 during the months of April through October 2012.

Dillender alleges that there were multiple procedural defects and deficiencies that rendered this notice of levy invalid, and that the Defendants wrongfully paid Dillender's funds to the IRS in breach of their fiduciary duties to him. Dillender seeks compensatory damages in the amount of $19,696.18 as well as punitive relief.

**ANALYSIS**

Defendants argue that they are completely protected from Dillender's claims by the statutory immunity provided to them by 26 U.S.C. § 6332(e). This statute provides as follows:

> (e) **Effect of honoring levy -** Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under § (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such properties or rights to property arising from such surrender or payment.

Accepting the factual allegations in Dillender's complaint as true, it appears undisputed that the Fund was in possession of certain retirement benefits belonging to Dillender. These retirement benefits were payable to Dillender on a monthly schedule. Therefore, the Fund was legally required by 26 U.S.C. § 6332(a) to pay over to the IRS funds due to Dillender upon being served with the notice of levy. It is also undisputed that the

4

notice of levy was served upon the Fund in February 2012, and that the Fund paid funds held for the account of Dillender to the IRS pursuant to the levy.

Courts uniformly have held that a bank served with an IRS notice of levy "has only two defenses for a failure to comply with the demand." *United States v. National Bank of Commerce*, 472 U.S. 713, 721-22 (1985) (quoting *United States v. Sterling National Bank & Trust Co.*, 494 F.2d 919, 921 (2d Cir. 1974). One defense is that the bank, in the words of § 6332(a), is neither "in possession of" nor "obligated with respect to" property or rights to property belonging to the delinquent taxpayer. *Id*. The other defense, again with reference to § 6332(a), is that the taxpayer's property is "subject to a prior judicial attachment or execution." *Id*. Here, there is no suggestion that Dillender's retirement payments were subject to a prior judicial attachment or execution.

When any party, having been served with a notice of levy, surrenders property held for the account of a delinquent taxpayer to the IRS pursuant to such levy, 26 U.S.C. § 6332(e), quoted above, provides that such party shall be "discharged from any obligation or liability to the delinquent taxpayer . . . with respect to such property or rights to property arising from such surrender or payment."

In his complaint, Dillender alleges that the notice of levy served upon the Fund was invalid because of multiple

5

procedural defects and deficiencies and, impliedly, that the Fund had a duty both to recognize these alleged deficiencies in the levy and to oppose the IRS on Dillender's behalf. However, this argument is not supported in the law.

In the case of *Moore v. General Motors Pension Plans*, 91 F.3d 848 (7th Cir. 1996), a factually similar claim was made. Moore was drawing a pension from General Motors Pension Plans and his monthly retirement payments were deposited to his account in the National Bank of Detroit ("NBD"). The IRS served a notice of levy on NBD, and the bank paid over $12,540 from Moore's account to the IRS pursuant to the levy. Moore, like Dillender here, asserted that the notice of levy was invalid because of certain procedural defects. Moore argued that the NBD's payment of his funds to the IRS despite procedural defects in the levy deprived NBD of the discharge of liability under 26 U.S.C. § 6332(e).

The Seventh Circuit Court of Appeals rejected Moore's arguments as follows:

> We will first address Moore's second claim on appeal: that the Notice of Levy served upon NBD was invalid for a variety of reasons, and therefore the immunity conferred by 26 U.S.C. § 6632(e) does not apply to the defendants. Moore argues that the defendants had a duty both to recognize these alleged deficiencies in the levy and to oppose the IRS on his behalf. Because the defendants failed to challenge the validity of the levy, Moore concludes, the immunity conferred by § 6332(e) does not protect them.
>
> This line of argument is meritless. Once the IRS served a Notice of Levy on NBD, the bank had a legal obligation under § 6332(a) to turn over to the IRS Moore's accounts;

> NBD could not challenge the validity of the levy. "[A] bank served with a notice of levy has two, *and only two*, possible defenses for failure to comply with the demand: that it is not in possession of the property of the taxpayer, or that the property is subject to a prior judicial attachment or execution." <u>United States v. National Bank of Commerce</u>, *472 U.S. 713, 727, 105 S. Ct. 2919, 2928, 86 L.Ed.2d 565 (1985) (emphasis added).* *Moore's* challenge to the validity of the levy did not alter NBD's obligation to comply with the levy. *Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985); *Allstate Financial Corp. v. United States*, 860 F.Supp. 653, 656 (D. Minn. 1994), and thus, NBD could not have challenged the validity of the levy on Moore's behalf. NBD cannot be held liable for having failed to do what it could not legally do.
>
> Furthermore, regardless of whether or not the levy served on NBD was valid, NBD and the other defendants are immune from liability.

*Moore,* 91 F.3d at 850-51.

Finally, Dillender's state law claims for breach of fiduciary duty and wrongful conversion or otherwise are preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

For the reasons stated above, the undersigned Magistrate Judge finds that, as a matter of law, Dillender's claims against Defendants for paying his retirement funds to the IRS subject to a notice of levy are subject to the statutory discharge provided in 28 U.S.C. § 6332(e) and, therefore, that Dillender's complaint should be DISMISSED. If Dillender believes that the Government has wrongfully obtained his funds, he may proceed against the Government to seek recovery.


**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss be GRANTED and the complaint dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 7th day of March, 2014.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge