# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL JOSEPH DILLENDER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:13-00040 |
| ) | Judge Sharp |
| CARPENTERS' PENSION TRUST ) | |
| FUND OF ST. LOUIS, TERRY M. ) | |
| NELSON, RONALD W. LAUDEL, and ) | |
| DEANNE TITLE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

In this action, removed from the Cumberland County Circuit Court, Magistrate Judge Bryant has issued two Reports and Recommendations ("R&Rs"). In the first (Docket No. 19) he recommends that Plaintiff's Motion to Quash Removal and Remand (Docket No. 10) be denied, notwithstanding Plaintiff's argument that he is not subject to the jurisdiction of this Court. In the second (Docket No. 24), Magistrate Judge Bryant recommends that Defendants' Motion to Dismiss (Docket No. 7) be granted and that this case be dismissed with prejudice, notwithstanding Plaintiff's allegations that the Carpenters' Pension Trust Fund of St. Louis and three individual officers or agents of the Fund unlawfully paid certain pension funds belonging to Plaintiff to the IRS pursuant to a notice of levy. Plaintiff has filed Objections (Docket Nos. 21 & 27). Those objections are meritless and the court will adopt the R&Rs and accept the recommended disposition of the pending motions.

Magistrate Judge Byrant correctly found that removal of this action was appropriate because Plaintiff specifically alleged that the state court had "competent jurisdiction under the authority of

1

the Employee Retirement Income Security Act (ERISA)[.]" (Docket No. 1-1 at 2). In an Affidavit, which this Court construes to be Plaintiff's Objections to the first R&R, Plaintiff argues that he did not invoke the whole of ERISA, only Section 1132((a)(1)(B) and (e), which provide concurrent jurisdiction in state and federal courts. The fact that there is concurrent jurisdiction does not preclude removal. Ullmo ex rel. Ullmo v. Gilmour Academy, 273 F.3d 671, 680 (6th Cir. 2001) ("Removal is proper where a complaint raises a claim that is within the jurisdiction of the federal courts," and "'[t]he weight of judicial authority supports the conclusion that a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited.'")(citation omitted).

Plaintiff also quibbles with Magistrate Judge Bryant's statement about the amount of the levy ($8,223.59) and the amount turned over to the IRS ($2,813.74 per month for the months of April through October 2012), arguing that "[t]he IRS [only] released the notice of levy after the Carpenters converted $19,696.18 of Plaintiffs [sic] private property," and "[t]he Carpenters did not question this amount or question the fact that the present demand was unauthenticated." (Docket No. 21 at 4). Even assuming this to be true, whether the amount turned over to the IRS was more than the original levy has no bearing on whether removal was appropriate. Moreover, the Fund was obligated to comply with the levy and could not legally challenge the validity of the levy on Plaintiff's behalf. Moore v. General Motors Pension Plans, 91 F.3d 848, 850-51 (7th Cir. 1996).

Likewise, Plaintiff's argument that the Fund either knew or should have known that "the exclusive remedy to collect taxes, penalties and interest due the United States falls under the Fair Debt Collection Procedures [sic] Act Subchapter C" (Docket No. 21 at 7) goes nowhere because the FDCPA "shall not be construed to curtail or limit the right of the United States under any other Federal law . . . to collect taxes or to collect any other amount collectible in the same manner as a

tax." 28 U.S.C. § 3003(b); see, United States v. Sawaf, 74 F.3d 119, 124 (6th Cir. 1996) ("Because the regulatory language allowing tax levies against ERISA-protected funds is valid, § 1.401(a)13(b)(2)(ii), which allows the IRS to collect unpaid tax judgments out of those same funds, must also be"); McKean v. United States, 563 F. Supp. 2d 182, 187 (D.S.C. 2008) ("the Tax Code provides exclusive procedures to govern the government's collection of unpaid tax liabilities," not the FDCPA). If Plaintiff disputes the amount withheld, his quarrel is with the IRS and not the Fund.

Plaintiff argues this Court lacks personal and subject matter jurisdiction because he is a "Union state born citizen and resident of Tennessee," and "not a Fourteenth Amendment citizen, subject to the jurisdiction of the United States, the 'federal areas.'" (Docket No. 21 at 5). Plaintiff also claims that he is "a non-resident alien," that the "Carpenter's Union Pension Plan is outside the United States (the federal area)," that "substantially all" of the Fund's council members are "non resident aliens," and that, therefore, the "plan is maintained outside the United States primarily for the benefit of persons substantially all of whom are nonresident aliens" within the meaning of the exemption under 29 U.S.C. § 1132(b). (Id. at 8). These are meritless arguments and hackneyed objections typical of tax protesters. See, e.g., United States v. Cooper, 1995 WL 559404, at *2 (6th Cir. Sept. 20, 1995) (noting that "popular argument among tax protesters . . . soundly rejected by this court" is that district court lacks jurisdiction because taxpayer "is a state, rather than a U.S. citizen"); United States v. Maxwell, 2009 WL 920533, at *3 (M.D. Tenn. April 1, 2009) (argument that taxpayer was "not a citizen of the United States, but rather a "Citizen of the Sovereign Body Politic of the Republic state of Tennessee, one of the original People or their direct Posterity" was frivolous); Muller v. IRS Comm'n, 2006 WL 1129393, at *1 (D. Vt. April 25, 2006) (plaintiff's claim "that he is a resident of Vermont, and therefore 'does not reside within a Federal area' . . . "is

3

plainly without merit").

Plaintiff also argues that "Magistrate Judge Bryant's recommendation that the Motion to Dismiss be granted **with prejudice** is proof of his bias against Plaintiff," and "[t]his bias on the MJ's part is a blatant attempt to deny Plaintiff justice and due process of law contrary to the Bill of Rights year 1791[.]" (Docket No. 27 at 2) (bold in original). The R&Rs suggest no bias; the recommended dispositions are correct under the law.

Plaintiff further argues that "[t]here are no implementing regulations for 28 U.S.C. § 1331 published in the Federal Register." (Docket No. 27 at 3). That is probably because the Federal Register did not come into existence until July 26, 1935, whereas Section 1331 was first enacted on March 3, 1875. See Franchise Tax Bd. v. Const. Laborers Vac. Trust, 463 U.S. 1, 8 (1983) (identifying date of enactment of 28 U.S.C. 1331); United States v. Consol. Mines & Smelting Co., 455 F.2d 432, 442 (9th Cir. 1991) (identifying date of enactment of Federal Register Act). Regardless, it can hardly be said, as Plaintiff asserts, that Section 1331 "does not have general applicability." (Docket No. 23 at 3).

On the matter of implementing regulations, Plaintiff also argues that the Magistrate Judge erred in applying statutory immunity under 26 U.S.C. § 6332(e) because that statute, too, has no implementing regulation and, thus, "has no force in law." (Id. at 5). As a consequence, the argument goes, the levy was nothing more than a counterfeit security. However, arguments "that "tax laws are invalid because they are not supported by both statutes and implementing regulations, also ha[ve] been repeatedly rejected as lacking merit." Abell v. Sothen, 214 F. App'x 743, 757 (10th Cir. 2007) (collecting cases); see also Watts v. IRS, 925 F. Supp. 271, 277 (D.N.J. 1996) ("Internal Revenue Code has the force of law which Congress gave it, with or without implementing

4

regulations").

Plaintiff also disagrees with Magistrate Judge Bryant's application of Moore to this case. He suggests that had the plaintiff in Moore argued that the notice of levy was a counterfeit obligation and raised both the FDCPA and 26 C.F.R. § 170.63, the outcome would have been different. The broad language in Moore suggests otherwise:

> Once the IRS served a Notice of Levy on NBD [the National Bank of Detroit], the bank had a legal obligation under § 6332(a) to turn over to the IRS Moore's accounts; NBD could not challenge the validity of the levy. "[A] bank served with a notice of levy has two, and only two, possible defenses for failure to comply with the demand: that it is not in possession of the property of the taxpayer, or that the property is subject to a prior judicial attachment or execution.". . . Moore's challenge to the validity of the levy did not alter NBD's obligation to comply with the levy, . . . and thus, NBD could not have challenged the validity of the levy on Moore's behalf. NBD cannot be held liable for having failed to do what it could not legally do.
>
> Furthermore, regardless of whether or not the levy served on NBD was valid, NBD and the other defendants are immune from liability [under 26 U.S.C. § 6332(e)] . . . . There is no question in this case that Moore's bank account was "property subject to levy," that the IRS made a levy (whether valid or not) on that account, and that upon demand of the Secretary—acting through the IRS—NBD surrendered Moore's account. By its own terms, then, § 6332(e) applies to the defendants in this case; that statute is not limited to levies which survive challenges to their validity.

Moore, 91 F.3d at 851 (internal citations omitted).

Moreover, Plaintiff's reliance on 26 C.F.R. § 170.63 is misplaced. That regulation provides:

> Any person who mistakenly surrenders to the United States property or rights to property not properly subject to levy is not relieved from liability to a third party who owns the property.

26 C.F.R. § 170.63. Read in the context of the regulation, the "third party who owns the property" language is a reference to someone other than the "delinquent taxpayer." While Plaintiff objects to being so labeled, the Fund had no choice but to comply with the levy.

Finally, Plaintiff's argument that his claim does not relate to ERISA, but instead is a state law

5

claim for conversion is belied by Plaintiff's own invocation of ERISA as the jurisdictional basis for his Complaint. Regardless, ERISA's "relates to" language has a broad scope, see Briscoe v. Fine, 444 F.3d 478 (6th Cir. 2006), and Plaintiff's allegation that the Fund (administering an ERISA pension plan) breached its fiduciary duty in relation to his assets certainly relates to ERISA. Moreover, the essential elements of a conversion claim include "an appropriation of another's tangible property to one's use and benefit" and "an intentional exercise of dominion over the chattel alleged to have been converted." White v. Empire Exp., Inc., 395 S.W.3d 696, 720 (Tenn. Ct. App. 2012). The Fund can hardly be said to have had the use and benefit or control over money that was turned over to the IRS pursuant to a levy.

Having considered all of Plaintiff's arguments, the Court hereby rules as follows:

(1) Magistrate Judge Bryant's Reports and Recommendations (Docket Nos. 19 & 24) are hereby ACCEPTED and APPROVED;

(2) Plaintiff's Motion to Quash and Remand (Docket No. 10) is hereby DENIED;

(3) Defendants' Motion to Dismiss (Docket No. 7) is hereby GRANTED; and

(4) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk of the Court shall prepare and enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE